**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **EDWARD MORRIS HARRIS, #31832-086,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:06-CV-1924-R** |
| | ) | **ECF** |
| **DAN JOSLIN, Warden,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order in implementation thereof, this cause has been referred to the United States Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a petition for habeas corpus relief brought by an individual imprisoned for civil contempt pursuant to 28 U.S.C. § 2241, *et seq.*

Parties:  Petitioner is presently incarcerated at the Federal Detention Center in Seagoville, Texas.  Respondent is Warden Dan Joslin.  The Court did not issue process in this case, pending preliminary screening.

Statement of the Case:  On April 11, 2002, U.S. District Judge Jerry Buchmeyer held Petitioner in civil contempt under its general contempt power in SEC v. Resource Development Intl., 3:02-cv-605-R (N.D. Tex., Dallas Div.).  The District Court ordered that Petitioner be confined "until such time as he complies with the orders of this Court and delivers all Receivership Assets in his possession, custody or control to the Receiver."  (See Exh. A attached

to Petition, and Supplement to Contempt Order filed on October 14, 2003, in No. 3:02-cv-605-R).

On August 15, 2002, Petitioner, along with three other contemnors, sought habeas corpus relief pursuant to 28 U.S.C. § 2241.  The District Court summarily denied relief in all four cases on August 23, 2002.  Harris v. Wendt, 3:02-cv-1746-R (N.D. Tex., Dallas Div.); see also Nos. 3:02-cv1743-R; 3:02-cv-1744-R; and 3:02-cv-1745-R.  On December 23, 2003, the Fifth Circuit affirmed the denial of habeas relief in all four cases.  SEC v. Resource Development Intl., No. 02-11397 (5th Cir. Dec. 23, 2003) (per curiam) (unpublished).

During the pendency of the above action, Petitioner filed a Petition to Purge Civil Contempt.  See SEC v. Resource Development Intl., et al., 3:02cv605-R (Document # 338, filed on August 20, 2003).  The District Court denied relief following a hearing on October 30, 2003. The Court reiterated that Petitioner was incarcerated pursuant to the Court's general contempt power to coerce court-ordered equitable relief, and that the contempt order was not issued pursuant to 28 U.S.C. § 1826.   (See Order Denying Petition to Purge Civil Contempt filed on October 30, 2003, in 3:02cv605-R).  Accordingly, the 18-month maximum limit for incarceration of "recalcitrant witnesses" delineated in § 1826 was not applied to Petitioner's present incarceration.  (Id.).  The Court further found that Petitioner had failed to demonstrate that he had complied with the Court's prior orders or that it was impossible for him to do so. (Id.).  Petitioner did not appeal.

On March 19, 2004, Petitioner filed a habeas corpus petition, challenging the District Court's authority to hold him in civil contempt.  On April 23, 2004, the District Court adopted the findings and recommendation of the Magistrate Judge and dismissed the petition because

Petitioner had not met his burden of proving a present inability to comply with the contempt

order. The Fifth Circuit affirmed the District Court's opinion on appeal. <u>See</u> No. 04-10503.

In this habeas corpus petition, filed on March 14, 2006, in the U.S. District Court for the

District of Columbia, and transferred to this Court on October 18, 2006, Petitioner reasserts the

claims raised in his prior habeas petition.

<u>Findings and Conclusions</u>: This Court has twice before determined that Petitioner's

current confinement is not unlawful. Therefore, the petition is without merit and should be

denied.

<u>RECOMMENDATION</u>:

For the foregoing reasons, it is recommended that the District Court deny and dismiss the

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

A copy of this recommendation will be mailed to Petitioner.

Signed this 30th day of October, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE</u>

In the event that you wish to object to this recommendation, you are hereby notified that
you must file your written objections within ten days after being served with a copy of this
recommendation. Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir.
1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and
conclusions of law within such ten-day period may bar a *de novo* determination by the district
judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds
of plain error, from attacking on appeal the unobjected to proposed findings of fact and
conclusions of law accepted by the district court.